UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: Lisa Marie Billups ) Case No. 18 B 23916
)
) Chapter 13
Debtor )
) Judge Carol A. Doyle

## NOTICE OF FILING

| Lisa Marie Billups | Jeffrey A. Soufal | Office of the US Trustee |
| --- | --- | --- |
| 3912 W. 75th Pl | via ECF | via ECF |
| Chicago, IL 60652 | | |

"SEE ATTACHED LIST OF CREDITORS"

Please take notice that on August 3, 2021, I caused to be filed the Trustee's Response to Debtor's Motion to Compel the Trustee to File a Notice of Completion of Plan Payments and/or Refund Overpayment to the Debtor, a copy of which is hereby served upon you.

/s/Leodis McCray
Leodis McCray
Staff Attorney for M.O. Marshall
Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Notice and Motion was served on Jeffrey A. Soufal and the UST by electronic filing and to the above listed persons by placing a copy of same in the U.S. Mail at 55 East Monroe, Chicago, IL, 60603, proper postage prepaid on the 29th day of July, 2021.

/s/Leodis McCray
Leodis McCray
Staff Attorney for M.O. Marshall
Chapter 13 Trustee

M.O. MARSHALL
CHAPTER 13 TRUSTEE
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Lisa Marie Billups | ) | Case No. 18 B 23916 |
| | ) | |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | Judge Carol A. Doyle |

## TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO COMPEL THE TRUSTEE TO FILE A NOTICE OF COMPLETION OF PLAN PAYMENTS AND/OR REFUND OVERPAYMENT TO THE DEBTOR

Now comes M.O. Marshall, Chapter 13 Trustee, in Response to Debtor's Motion to Compel the Trustee to File a Notice of Completion of Plan Payments and/or Refund Overpayment to the Debtor and states as follows:

1. The relief requested in the Motion is procedurally defective as the Debtor is seeking equitable relief, which pursuant to Bankruptcy Rule 7001(a)(7) requires an adversary proceeding. *In re Geotel, Inc.* 145 B.R. 763,764 (Bankr. E.D.N.Y. 1992) (an order directing the opposing party or a third party to take some action requires an adversary proceeding). For that reason alone the Motion must be denied.

2. The Chapter 13 Handbook for Trustees recommends that generally the Trustee is to file a Final Report within 150 days of the last disbursement in the case. In this case more than 60 days remained in that period at the time the motion was filed.

3. There is no legal basis to compel the Trustee to file a Notice of Completion of Plan Payments before she has completed her final audit and exercised her due diligence.

### Statement of Facts

4. Debtor's plan was confirmed on December 4, 2018, for a minimum term of 36 months with payments to the Trustee to be made in the amount of $550.00 per month

1

with total payments under the terms of the plan set at $30,914.26, with general unsecured creditors set to receive a minimum of 17% of the amount of their allowed claims.

5. Subsequently the Debtor's payments to the Trustee fell behind and on March 24, 2020, Debtor's plan was modified to defer five months of delinquent payments. See Receipt History attached as Exhibit A.

6. Shortly thereafter the Debtor's payments to the Trustee fell behind again and on December 1, 2020, Debtor modified her plan to reduce plan payments to $270.00 per month, decrease the plan base to $17,980.00, and to defer another six months of plan payments. See Exhibit A.

7. On January 27, 2021, Debtor filed her Motion to Authorize Sale which was granted by court order on March 2, 2021.

8. Counsel for the Debtor drafted and filed both the Motion to Authorize Sell and the proposed order. At no point prior to filing the motion did Debtor request a payoff letter, nor did the order limit the amount of turnover to the amount necessary to satisfy Debtor's payoff balance.

9. Per the March 2, 2021, order Debtor was directed, in pertinent part, to "send the trustee a copy of the closing statement and send the remaining proceeds (after the homestead exemption, fees, and commissions) to the trustee within seven days of closing". This order did not direct the Trustee to adjust or cease making any payments to Creditors listed in the plan.

10. On March 24, 2021, Debtor sold her home for $90,000.00, more than double the $41,000.00 amount of the value disclosed at filing. The debtor retained $15,000 from the sale of the property.

11. The Trustee made the final disbursement to creditors on April 30, 2021.

12. Because the Trustee was not directed to adjust payments set out in the plan, payment to the secured Creditor "Cook County Treasurer" were made after the sale of the property and remained outstanding until the Trustee's payments were returned accompanied by a paid in full letter from the Cook County Treasurer on July 8, 2021. See July 8, 2021, Paid in Full Letter attached as Exhibit B.

**Argument**

While the Debtor's Motion to Compel should be denied on procedural grounds, the motion should also be denied on substantive grounds. In the Debtor's motion, the Debtor is requesting that the Trustee issue a refund to the Debtor on a case in which the Trustee has not filed a Notice of Completion of Plan Payments. Such a notice can only be filed once the Trustee has completed her audit and review of the case. Aside from the fact that the Debtor's case remains under review, the Debtor has cited no legal authority requiring the Trustee to file the Notice or issue a refund within a specified time limit.

The Trustee makes every effort to expeditiously complete the administration of cases and the Trustee Handbook recommends that a Notice of Completion of Plan Payments be filed within 150 days of the date that the Trustee makes the last disbursement to creditors. The time frame referred to in the Trustee Handbook is a recommendation and not a requirement. In this case the 150 days will not have passed until September 27, 2021.

While the Trustee attempts to file the Notices well within that recommended time period, she acknowledges that her office has experienced some unforeseen delays but is making every effort to file such Notices as expeditiously as possible.

The Trustee's office experienced a traumatic change with the unexpected death of Trustee Tom Vaughn. A new Trustee had to be appointed to administer the cases, therefore, there were delays in processes and procedures. In addition to the office being in mourning and adjusting, there was a recognized "Stay at Home Order" issued by the City and State because of the pandemic and it was impossible to continue as if it was business as usual. Throughout the pandemic (from March 20, 2020, through June 14, 2021) the Trustee's staff has performed most of their duties remotely. It was imperative that processes be reviewed and with a shortage of staff, including the resignation of the Manager of the Closing Department, the reality is that some processes have fallen behind.

When the current Trustee assumed the duties of the Trustee, in addition to her duties as the Trustee of her other office, she was confronted with a backlog of audits and reviews. Since that time, she has revamped numerous processes within the office, has not missed a disbursement to creditors, and instituted task workflow for most processes, including audits, so that audits are assigned systematically. The closing process is now automated and efficient and that improvement will better serve the bankruptcy community. The office staff has undergone training to learn the new procedures. The Trustee is sincerely concerned about any perceived delays, but under the circumstances some delays have been unavoidable. From a period from April 1, 2021, to July 27, 2021 while automating the processes and training, the Trustee has, mostly on weekends, filed at least 533 Notices of Completion of Plan Payments to assist the Closing Team and will continue to file Notices after the review of cases to ensure the proper

administration as required under the Chapter 13 Handbook for Trustees. The relevant portion of the Handbook is below:

> **K. FINAL REPORT**
> The standing trustee must file a final report promptly after review of the administration of the case and after all checks have cleared. 11 U.S.C. § 1302(b)(1) incorporating 11 U.S.C. § 704(a)(9). Generally, the final report is to be filed within 150 days of the last disbursement in the case. The standing trustee must serve the report on the Debtor, the Debtor's attorney, and the United States Trustee, unless the United States Trustee has requested otherwise. Fed. R. Bankr. P. 5009.
> The standing trustee must have procedures in place for the review of each case prior to filing the final report to ensure that the case has been administered properly and all claims have been paid according to the plan. 11 U.S.C. § 1326(c). This review must not be conducted by the same staff member who monitored the file during the case. 28 U.S.C. § 586(b). Subject to Rule 1019, the standing trustee must not file a document giving the final accounting of receipts and disbursements and requesting a discharge of the trustee's duties until all checks relating to the case have cleared the bank. 28 U.S.C. § 586(b). However, the standing trustee may have in place a procedure that certifies to the court that a Debtor has completed payments under the plan before the final accounting is completed.
> Section 347(a) of the Bankruptcy Code requires the standing trustee to stop payment on any check remaining unpaid ninety days after the final distribution and pay the unclaimed funds to the court. 11 U.S.C. § 347, Fed. R. Bankr. P. 3011. In some jurisdictions, the court may allow or require standing trustees to reissue final disbursement checks. The standing trustee should consult with the United States Trustee before implementing such a procedure.
> The standing trustee must use the Chapter 13 Standing Trustee's Final Report and Account. 28 U.S.C. § 589b, 28 C.F.R. § 58.7. The Final Report form is available on the Program website at www.justice.gov/ust. This Uniform Form cannot be altered.
> If a closed case has to be re-opened, the standing trustee should contact the United States Trustee to discuss options available.
>
> *Handbook for Chapter 13 Standing Trustees*, 3-41(U.S. Department of Justice, Executive Office for United States Trustees ed., 2015).

However, now the Trustee is confident that the office is very close to reaching its goal of being able to complete the closing process more expeditiously at a level that the bankruptcy community expects, and simply asks for a little more patience for that to occur.

The Debtor's Motion completely ignores the Trustee's other duties under the Bankruptcy

5

Code and the specific guidelines issued by the United States Trustee. In addition, the Motion cites no relevant authority and provides no factual or legal basis for the relief requested. The Trustee is in full compliance with all applicable rules. The Motion appears to be an attempt to pressure the Trustee to place this case ahead of other cases that are standing in line for their own Notice of Completion of Plan Payments and possible refund. Therefore, the Motion should be denied.

Section 1328(a) of the Bankruptcy Code states:

> (a) Subject to subsection (d), *as soon as practicable* after completion by the Debtor of all payments under the plan, and in the case of a the Debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such the Debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extend provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided for by the plan…

First, §1328(a) does not require the Trustee or any other party to certify that the Debtor's plan payments are complete or to issue a Notice on the Docket. See *In re Avery,* 272 B.R. 718, 724 (Bankr. E.D. Cal. 2002)("Nothing in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure requires the Trustee to prepare this Notice"). In this District the Court's custom and practice has been to issue the discharge after the completion of 3 filings: (1) the Trustee's certification that the plan payments are complete; (2) the Debtor's certification that applicable domestic support obligations, if any, have been paid; and (3) the Debtor's statement of completion of a personal financial management course in accordance with §1328(g) and Rule 1007(b)(7).

Second, the plain language of §1328(a) is "as soon as practicable." "Where the language of the statute is unambiguous, no further inquiry is necessary or appropriate. Absent contrary definitions within the statute itself, words in a statute are presumed to have their 'ordinary, contemporary, common meaning'" *In re Walker,* 502 B.R. 324, 327 (Bankr. N.D.Ill. 2013). Merriam- Webster Dictionary defines "practicable" as "capable of being put into practice or of being done or accomplished; feasible." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/ practicable. Section 1328 does not state "as soon as possible" or "immediately" or give any defined time frame that is required. If the legislature intended to bind the Trustee or the Court to a specific time period to issue the notice, it could have done so as it has in multiple other sections of the Code and the Rules. It did not. It seems that Congress appropriately recognized that the volume of cases and local court practices vary greatly across the country.

"Before the court concludes that it should close the case and discharge the Debtor, creditors are entitled to the benefit of a process assuring them that the Debtor has paid, and they have received, what the plan requires. Waiting until this process has run its course is, from the perspective of the creditors, issuing the discharge as soon as practicable." *In re Avery,* 272 B.R. 718, at 730. "Determining whether the debtor has made 'all payments under the plan' entails more than counting the number of monthly payments remitted by the debtor to the trustee." *In re Estrada,* 322 B.R. 149, 152 (Bankr. E.D. Cal. 2005). The Court cannot require the Trustee to make a Certification that the Debtor has made all the required payments without also providing the Trustee with the time and discretion to complete the due diligence required to make it. By filing the Notice, the Trustee certifies to the court pursuant to Fed. R. Bankr. P 9011(b)(3) that the Debtor completed all payments to the Trustee. See *In re Gonzales,* 570 B.R. 788, 796-97

7

(Bankr. S.D. Tex. 2017)("By presenting to the court…a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," inter alia, that "the allegations and other factual contentions have evidentiary support.")

The exact timing of the last payment made to the Trustee and the filing of a Notice of Completion of Plan Payments may be dictated by an audit of the case and the volume of cases at any given time. There are also a number of other factors that must be considered in determining whether a plan has been completed which include, but are not limited to, whether the original payment amount has changed, whether the plan has been otherwise modified, whether a claim has been amended or transferred, whether the plan requires the turnover of tax refunds, or proceeds from a lawsuit, or sale of property or another source, or whether a creditor cannot be found or has been overpaid. As it happens, in this case the original payment amount has changed, the plan has been modified twice, the plan requires the turnover of proceeds from the sale of property, the case is set to end after just thirty-three months of payments, and a creditor failed to accept funds sent by the Trustee. In the absence of affirmative action taken by the Debtor to mitigate the impact these issues have on the processing time of the case; the Trustee has no choice but to take the time to do the due diligence required in their stead.

Before the Notice of Completion of Plan Payments can be issued, an audit of the case and any required due diligence must be completed to ensure that all required plan payments have actually been made. The Trustee cannot simply make an automatic certification to the Court that a plan is complete when the Debtor makes the last payment without doing the necessary due diligence to ensure such a statement is accurate. Therefore, the exact timing of the filing of the

8

Notice can vary. Cases are audited generally in the chronological order that they become ready for audit to ensure there is no preference given to one debtor's case over another. If, and when, an audit issue is discovered, then the Trustee is responsible for exhausting all remedies to make sure the case has been properly administered and that all claims were paid correctly.

As with the Notice of Completion of Plan Payments, there is no time limit imposed on the Trustee to send the Debtors refund checks. Despite this, the Trustee returns all funds owed to the Debtors as quickly as practicable. Similar to the Notice of Completion of Plan Payments, the Trustee must conduct a meticulous review of the record to make sure the Debtor is receiving exactly the amount owed. This process can be held up by any number of factors including but not limited to uncashed checks distributed to creditors, ongoing payment from the Debtor's employer, or pending motions. Once the amount has been confirmed, the Trustee then must ensure refund checks are directed to the correct address. The Trustee must do this for every single case prior to issuing a refund and the sheer volume of cases ready to close slows the process.

In addition, the number of cases that are ripe for such an audit can vary greatly throughout the year. The Trustee currently has a case load of over 12,000 cases to administer. At any given time, there are hundreds of cases that are in some stage of the audit process. In this case, the Trustee has been unable to close the case because the payments for the secured claim to the Cook County Treasurer were outstanding. The Trustee must continue to administer the case and attempt to pay claims consistent with the plan until such time the Trustee is given notice that a claim is paid in full or otherwise removed from the plan. Had the Debtor's counsel moved to remove the Cook County Treasurer from the plan it is likely that the case would have been ready to be audited sooner and the issues raised in the motion would have been moot.

While it is understandable why the Debtors would prefer to have their cases closed in a shorter time period, it is not required, and it is not practicable for the volume of cases at issue. No case law, code section, rule, guideline, or any other of the Trustee's procedures are cited that would support the relief sought. The Debtors should not be able to use a Motion to Compel to force the Trustee to put this case or any other case in front of other cases that are standing in line for their own Notice of Completion of Plan Payments. They must be done in the order they arise in order to ensure there is no preference or disparate treatment. The language of §1328(a) is clear and was intentionally drafted to give the Trustee and the Court leeway in making practicable procedures to comply with all requirements. It was not intended to force arbitrary deadlines on the Trustee that would be impossible to comply with and require the Trustee to prefer one Debtor's case over other cases. This is likely why Congress used the language "as soon as practicable" in §1328(a) in order to provide each individual Trustee and court the discretion to comply when it is "practicable" based on the facts of each individual case and the amount of cases that are administered at any given time by the Trustee rather than impose some arbitrary time period that could prevent such practical and cost-effective procedures. If there was a specific time period that existed rather than "as soon as practicable" then the Trustee and all other Chapter 13 Trustees in this District would need to be made aware of that specific time period in order to make sure that resources and personnel were allocated appropriately for compliance with it.  No such deadline exists under the Code or the Rules, however, because Congress did not draft one.

Judge Barnes has found, in a similar case, *Owens v. Marshall,* 18 A 00122, *In re Owens,* 13 B 38351, N.D. Il. 2013) that a Judge who is in a different branch of the government cannot compel a Trustee to essentially perform her duties differently that her procedures require (a

transcript of this Ruling is attached as Exhibit C). In that case Judge Barnes referred to the landmark case of *Marbury v. Madison* ,5 U.S. 137 (1803), which established that the court is limited to its power of judicial review and where there is no explicit authority provided, the court cannot substitute its discretion to override the express authority of an officer of another branch of government, the executive branch. Such is the case here where both the U.S. Trustee and Congress have directed the Trustee to complete case reviews as quickly as *practicable* (emphasis added). It would be inappropriate for the Court to impose its judgment and create a time limit on the Trustee's execution of the reviews in abrogation of the powers given solely to the Trustee by Congress, the legislative branch of the government.

WHEREFORE, The Trustee requests that this Court deny Debtor's Motion to Compel the Trustee to File a Notice of Completion of Plan Payments and/or Refund Overpayment to the Debtor.

Respectfully submitted,
/s/Leodis McCray
Leodis McCray
Staff Attorney for M.O. Marshall
Chapter 13 Trustee

M.O. MARSHALL
CHAPTER 13 TRUSTEE
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900